## COTE and others *v.* MOFFITT.

(*Circuit Court, D. Massachusetts.* February 2, 1883.)

PATENTS FOR INVENTIONS—VALIDITY OF REISSUE

A reissue may be good as to some of its claims and bad as to others. A patentee may rely on the infringement of the valid claim.

In Equity.

*W. A. Macleod,* for defendant.

*T. L. Wakefield,* for complainants.

LOWELL, J. A rehearing is asked for by the defendant, for the reason that since the interlocutory decree was entered, (*Cote* v. *Moffitt,* 8 FED. REP. 152,) and since the accounting was begun before the master, the decisions of the supreme court (*Miller* v. *Brass Co.* 104 U. S. 350; *James* v. *Campbell,* Id. 356) have laid down a rule for ascertaining the validity of reissues which was not understood before, and one which would render the reissue in this case void. The plaintiffs deny that the reissue is void, and object that this petition should have been filed before they had incurred so much expense before the master. If I have a discretion in the matter, arising out of the delay, I do not exercise it, because I think the case of *Gould* v. *Spicer* [reported *ante*] decides the point. It was there held that a reissue might be good as to some of its claims, and bad as to others; and that if a valid claim in the original patent reappeared in the reissue and was infringed, the patentee might rely upon that infringement and prevail, though some other claims were too broad. The single claim of Cote's original patent is repeated, in substance, in the reissue, and will support the plaintiff's decree. Petition denied.